UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
PATRICK MORIN AND JOSEPH OLIVIERI AS
TRUSTEES OF THE EMPIRE STATE
CARPENTERS WELFARE PENSION, VACATION,
ANNUITY, SCHOLARSHIP, APPRENTICE-TRAINING,
LABOR-MANAGEMENT CORPORATION AND
CHARITABLE TRUST FUNDS,

        Plaintiff,

                              ORDER ADOPTING REPORT &
  -against-                 RECOMMENDATION
                              06-CV-5646 (JS)(AKT)

PEARL ASSOCIATES, LLC,
VALENTINE CONSTRUCTION, LLC AND
PEARL 2 DEVELOPMENT CORPORATION,

        Defendant.
----------------------------------------X
APPEARANCES:
For Plaintiffs:    Anthony Lumia, Esq.
                   Archer, Byington, Glennon & Levine, LLP
                   425 Broadhollow Road, Suite 405
                   P.O. Box 9064
                   Melville, NY 11747-9064

                   Marty Gerard Glennon, Esq.
                   Archer, Byington, Glennon & Levine, LLP
                   425 Broadhollow Road, Suite 405
                   P.O. Box 9064
                   Melville, NY 11747-9064

                   Paula A. Clarity, Esq.
                   Archer, Byington, Glennon & Levine, LLP
                   425 Broadhollow Road, Suite 405
                   P.O. Box 9064
                   Melville, NY 11747

For Defendant:    No Appearance

SEYBERT, District Judge:

        Plaintiffs, Patrick Morin and Joseph Olivieri, as Trustees of the Empire State Carpenters Welfare Pension, Vacation, Annuity, Scholarship, Apprentice-Training, Labor-Management

Corporation and Charitable Trust Funds (collectively "Plaintiffs"), brought this action against Pearl Associates, LLC ("Pearl Associates"), Valentine Construction, LLC ("Valentine Construction"), and Pearl 2 Development Corporation ("Pearl 2"), (collectively "Defendants") for Defendants' failure to comply with their statutory and contractual obligations to Plaintiffs. The obligations arise out of the Collective Bargaining Agreement entered into between Empire State Regional Council of Carpenters & Joiners of America, by and on behalf of its Local Unions 11 & 964 (the "Union") and Pearl Associates (the "CBA"). On March 20, 2008, this Court issued an Order referring this matter to Magistrate Judge A. Kathleen Tomlinson for a Report and Recommendation ("Report") as to "the appropriate damages, if any" based upon Defendants' failure to make required contributions to an employee benefit welfare/pension plan.

Upon review of Magistrate Judge Tomlinson's Report, issued September 2, 2008, to which no party has objected, the Court hereby ADOPTS the Report, except that it amends the amounts due, and ORDERS the entry of a default judgment against Defendant Pearl Associates in the total amount of $95,927.38, which is comprised of the following: $65,293.35 for unpaid fringe benefits, $13,626.73 in interest on the unpaid fringe benefits, $13,058.68 liquidated damages, and $3,948.62 for attorney's fees and costs. The Court further DENIES Plaintiffs' request for relief with respect to

Defendants Valentine Construction and Pearl 2. Defendants Valentine Construction and Pearl 2 did not sign the CBA, and Plaintiffs fail to allege any facts supporting the imposition of joint and several liability upon them; therefore, all claims against Valentine Construction and Pearl 2 are hereby DISMISSED.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, any objections to the Report were to be filed with the Clerk of the Court within ten days of service of the Report. An affidavit of service has been filed, indicating that Plaintiff served Defendants with a copy of the Report via first class mail on September 11, 2008. The time for filing objections has expired and no party has objected. Accordingly, all objections are hereby deemed to have been waived.

Furthermore, having resolved all of Plaintiffs' claims in their Amended Complaint against Pearl Associates and dismissed all of Plaintiffs' claims against Valentine Construction and Pearl 2, the Clerk of the Court is directed to mark this matter CLOSED.

Plaintiff is directed to serve a copy of this Order on Defendant and file proof of service with the Court.

SO ORDERED.

( **JOANNA SEYBERT**
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
December 31, 2008